```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Christian Cardenas,

                                          Petitioner,

                    –v–

United States of America,

                                          Respondent.

---

20-cv-4509 (AJN)
17-cr-339 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

On August 6, 2018, Christian Cardenas, following a guilty plea, was sentenced to 96 months' imprisonment for one count of conspiring to distribute and possess with the intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(B).  Alleging that he received ineffective assistance of counsel at his sentencing, Cardenas filed an appeal that the Second Circuit denied as unfit for direct review.  Cardenas then filed a petition to vacate his sentence under 28 U.S.C. § 2255, alleging that his counsel's ineffectiveness resulted in an improper enhancement to his Sentencing Guidelines range.  While that petition was pending, the Court partially granted Cardenas's motion to reduce his sentence in light of the extraordinary and compelling circumstances presented by the COVID-19 pandemic, and Cardenas began a four-year term of supervised release on February 8, 2022.

For the reasons that follow, the Court DENIES Cardenas's § 2255 petition.

I.      Background

On May 31, 2017, Christian Cardenas and eight coconspirators, including Robert Diaz, were indicted for participation in a drug trafficking conspiracy.  Indictment, Dkt. No. 1.

1

Cardenas on March 16, 2018, pled guilty to the lesser-included offense of conspiring to distribute

and possess with intent to distribute 100 grams and more of substances containing heroin in

violation of 21 U.S.C. § 841(b)(1)(B), an offense with a mandatory minimum sentence of 5

years' imprisonment.  The signed plea agreement stipulated a Sentencing Guidelines range of 87

to 108 months' imprisonment with a base offense level of 30, based on the stipulation that the

conspiracy intended to distribute at least one kilogram of heroin mixture.  *See* Gov't Br., Ex. A

("Plea Agreement") at 2, Dkt. No. 304 (citing U.S.S.G. § 2D1.1(c)(5)).  Cardenas and the

Government agreed that at sentencing neither would seek a departure from that stipulated range

but that either party could seek a sentence outside the Guidelines based on the factors in 18

U.S.C. § 3553(a).  *Id.* at 4.  The parties further agreed that neither would directly appeal a

sentence that fell within the 87 to 108 months' range.  *Id.* at 5.  At the plea hearing, Cardenas

admitted in his allocution that he and his codefendants conspired to sell 100 grams or more of

heroin.  Plea Hearing Tr. at 21, Dkt. No. 145.  Before accepting his plea, this Court confirmed

that Cardenas had reviewed the plea agreement with counsel and understood it, including the

stipulated sentencing range.  *Id.* at 18–20.

In the final Presentence Investigation Report ("PSR"), Probation calculated a Sentencing

Guidelines range of 210 to 262 months' imprisonment because U.S.S.G. § 2D1.1(a)(2) enhanced

his base offense level from 30 to 38.  PSR ¶ 25, Dkt. No. 174.  That enhancement applies to

defendants convicted of 21 U.S.C. § 841(b)(1)(B) if "the offense of conviction establishes that

death or serious bodily injury resulted from the use of the substance."  U.S.S.G. § 2D1.1(a)(2).

According to the PSR, the heroin distributed by Cardenas was especially toxic and often

included fentanyl.  PSR ¶ 15.  One of Cardenas's neighbors, Victim-1, overdosed soon after

Cardenas, through Diaz, sold heroin to Victim-1.  *Id.* ¶ 16.  Victim-1's life was saved, in part,

because Cardenas called medical personnel.  Sentencing Tr. at 15, Dkt. No. 237.  Despite

acknowledging the danger to Victim-1 and other users, Cardenas continued to sell his toxic

heroin supply.  PSR ¶¶ 16–19.  The PSR recommended that the Court apply the § 2D1.1(a)(2)

enhancement but impose a below-Guidelines sentence of 108 months' imprisonment.

At the August 6, 2018 sentencing, Cardenas did not object to the PSR's factual recitation.

Sentencing Tr. at 6.  Defense counsel, however, initially objected to the application of

§ 2D1.1(a)(2), noting that Victim-1's medical report showed other drugs, but not fentanyl, were

in Victim-1's system at the time of overdose.  *Id.* at 9–10.  That objection contrasted with

Cardenas's sentencing submission, which stated that "[Cardenas] acknowledges that the use of

heroin he distributed resulted in the serious bodily injury of an individual who overdosed after

taking the drug."  Cardenas Sentencing Submission at 3, Dkt. No. 221.  Because Defense counsel

raised this factual dispute, this Court permitted Cardenas and counsel time to confer on whether

they sought a *Fatico* hearing.  Sentencing Tr. at 14, 16.  After conferring, Defense counsel

declined a *Fatico* hearing and, when asked directly, Cardenas affirmed that he was "comfortable

with that decision" to forgo a *Fatico* hearing.  *Id.* at 16–17.

The Court found § 2D1.1(a)(2) to apply and adopted the PSR's Guidelines range of 210

to 262 months' imprisonment.  *Id.* at 20.  After considering the factors in 18 U.S.C. § 3553(a),

the Court imposed a sentence of 96 months' imprisonment, noting that while Cardenas did not

intend injury to any individual, he nevertheless kept selling his supply even after learning that it

was dangerous.  *Id.* at 33, 35.  This Court further explained:

> I do want the record to reflect that I would have imposed the same sentence of 96
> months even if I had come to the same guideline calculation as what the parties
> stipulated to because I believe that is taking into account all of the factors of a
> reasonable sentence, and it is no greater than necessary to satisfy the sentencing
> purposes that I described earlier.

*Id.* at 36.  This Court further imposed on Cardenas the mandatory minimum term of four years'

supervised release.  *See* 21 U.S.C. § 841(b)(1)(B).

Notwithstanding his plea agreement, Cardenas, acting pro se, noticed an appeal of his

sentence on August 20, 2018, raising primarily claims that he received ineffective assistance of

counsel at his sentencing.  Dkt. No. 235.  The Second Circuit, having appointed Cardenas

counsel who filed a brief on his behalf, affirmed his sentence and dismissed his ineffective-

assistance claims as unfit for direct appellate review because they could raise factual questions

outside the record.  *United States v. Diaz*, 799 F. App'x 94 (2d Cir. 2020).  Cardenas then filed

this petition to vacate his sentence under 28 U.S.C. § 2255.  Dkt. No. 300.

While his § 2255 petition was pending, Cardenas filed a motion to reduce his sentence

under 18 U.S.C. § 3582, citing the unusually harsh conditions of his incarceration during the

COVID-19 pandemic.  *See, e.g.*, Dkt. No. 319.  The Court on August 23, 2021, partially granted

Cardenas's motion and reduced his sentence to 84 months' imprisonment.  *United States v.*

*Cardenas*, No. 17-CR-339 (AJN), 2021 WL 3722761 (S.D.N.Y. Aug. 23, 2021).  Cardenas was

released from prison on February 8, 2022, and is presently serving his four-year term of

supervised release.

## II.      Legal standard

All of Cardenas's claims for relief rest on a claim that he received ineffective assistance

of counsel.  The Sixth Amendment entitles criminal defendants to effective assistance from an

attorney at critical stages of their case, including guilty pleas and sentencing.  *Gonzalez v. United*

*States*, 722 F.3d 118, 130 (2d Cir. 2013).  To make an ineffective assistance of counsel claim, "a

defendant must show: (1) that counsel's representation fell below an objective standard of

reasonableness; and (2) that there is a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010) (internal quotation marks omitted); *see Strickland v. Washington*, 466 U.S. 668, 688 (1984). That is, a petitioner must show that "[t]he likelihood of a different result [was] substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). These two requirements are the reasonableness and prejudice prongs respectively.

In evaluating the reasonableness of counsel's representation, the Court is "mindful of the diversity of the bar and the variety of approaches effective attorneys might employ when dealing with a particular set of facts." *Parisi v. United States*, 529 F.3d 134, 141 (2d Cir. 2008). As a result, the Court is "highly deferential" and applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Simple disagreement with counsel's chosen strategy, especially with the benefit of hindsight, is insufficient to support an ineffective assistance of counsel claim. *See United States v. Sanchez*, 790 F.2d 245, 253 (2d Cir. 1986) ("A defendant . . . may not claim ineffective assistance of counsel merely because in hindsight he thinks counsel's trial strategy was inadequate.").

**III.    Discussion**

Cardenas's § 2255 petition raises three ineffective-assistance claims. First, he argues that his counsel failed to investigate the quantity of drugs (one to three kilograms of heroin) attributed to him. Petition at 6, Dkt. No. 300.[1] Second, he contends that his counsel was ineffective in failing to object to § 2D1.1(a)(2) as inapplicable to his sentence as a matter of law. *Id.* at 28. And third, he further contends that his counsel should have objected to § 2D1.1(a)(2) on a factual basis because Cardenas's heroin did not cause Victim-1's overdose. *Id.* at 4, 32.

---

[1] Because of discrepancies in pagination, Court cites to Cardenas's petition as a continuously paginated document as it was filed on the public docket.

The Court concludes that none of these claims satisfy both the reasonableness and prejudice

prongs and therefore none justify vacating his sentence.[2]

### A. Failure-to-investigate claim

Cardenas first argues that his counsel was ineffective for "not investigating the quantity

of drugs attributable to the defendant in the discovery," resulting in an "incorrect" Guidelines

range." Petition at 5.  As an initial matter, it is unclear whether Cardenas's argument alleges

ineffective assistance at the time of his plea or at sentencing.  However framed, the claim fails.

*First*, Cardenas has not satisfied the reasonableness prong.  Defense counsel has a "duty to make

reasonable investigations or to make a reasonable decision that makes particular investigations

unnecessary."  *Strickland*, 466 U.S. at 691.  But that duty does not "compel defense counsel to

investigate comprehensively every lead or possible defense or 'to scour the globe on the off-

chance something will turn up.'"  *Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005) (citations

omitted) (quoting *Rompilla v. Beard*, 545 U.S. 374, 383 (2005)).  In particular, courts will not

find that counsel's performance was deficient based on "undetailed and unsubstantiated

assertions" that further investigation should have been done without an indication that such

investigation would have yielded favorable information for the defendant.  *Paige v. Lee*, 99 F.

Supp. 3d 340, 349 (E.D.N.Y. 2015) (quoting *Powers v. Lord*, 462 F. Supp. 2d 371, 381

(W.D.N.Y. 2006)).  Here, Cardenas suggests no "avenues" that, if explored, might have

---

[2] In a letter filed after Cardenas's release from prison, the Government suggested that Cardenas's petition may now be moot.  Dkt. No. 337 n.1.  That is incorrect.  To file a habeas petition, a petitioner must be "in custody under sentence of a court established by Act of Congress."  28 U.S.C. § 2255(a).  Custody is a prerequisite to the Court's jurisdiction.  *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Though Cardenas has been released, he was serving his prison sentence at the time he filed his petition, which satisfies 28 U.S.C. § 2255(a)'s custody requirement.  *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994).  Additionally, Cardenas is serving a four-year term of supervised release, which continues to satisfy § 2255(a)'s custody requirement. *See id.*; *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006).

questioned the one-kilogram quantity of heroin. *United States v. Vargas*, 871 F. Supp. 623, 624 (S.D.N.Y. 1994).

Moreover, the one-kilogram quantity of heroin was included in Cardenas's plea agreement as the basis for the stipulated Guidelines range. Plea Agreement at 1–2. At his plea hearing, Cardenas affirmed that he "fully understood" the plea agreement before signing it, including the stipulated range of 87 to 108 months' imprisonment. Plea Hearing Tr. at 18–19. Such a statement made under oath in a plea hearing, once accepted by the Court, is accorded a "strong presumption" of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also U.S. Sec. & Exch. Comm'n v. Illarramendi*, 732 F. App'x 10, 13 (2d Cir. 2018). In his petition, Cardenas does not allege that his counsel improperly advised him in his decision to plead guilty or that he otherwise did not understand the content of the plea agreement. In short, he provides no factual support for his "assertions of investigation and discovery failures" or otherwise show defective assistance in his decision to plead guilty. *Gonzalez*, 722 F.3d at 134. There is therefore no basis to conclude that Defense counsel's conduct fellow below the objective standard of reasonableness.

*Second*, Cardenas has not shown prejudice. Prejudice as to a guilty plea requires that a defendant show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 130 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Cardenas has not alleged, let along shown a reasonable probability, that with better assistance he would have received a better plea deal or otherwise exercised his right to proceed to trial, and so provides no basis to infer prejudice. *See Saxon v. United States*, No. 12 CR. 320 (ER), 2016 WL 3766388, at *10, *12 (S.D.N.Y. July 8, 2016), *aff'd*, 695 F. App'x 616 (2d Cir. 2017). Notably, Cardenas's plea agreement had a stipulated guidelines maximum of

108 months, which is below the statutory *minimum* of 120 months' imprisonment that he would have faced had he proceeded to trial on the indictment. *See* 21 U.S.C. § 841(b)(1)(A). Such a clear and tangible benefit further cuts against a finding that Cardenas was prejudiced by advice to accept the plea agreement. *See Jimenez v. United States*, No. 00 CIV. 7114 (SAS), 2001 WL 699060, at *5 (S.D.N.Y. June 20, 2001) ("Courts have refused to find ineffective assistance of counsel in cases where defendants have received tangible benefits from the plea agreements negotiated by counsel.").

Nor can Cardenas show prejudice if his claim is instead viewed as ineffective assistance at sentencing. "With respect to a claim of ineffective assistance in sentencing, the defendant must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." *Gonzalez*, 722 F.3d at 130. But by the time of sentencing, Cardenas had agreed not to challenge the sentencing range stipulated in his plea agreement, which rested in part on a minimum drug quantity of one kilogram of heroin. *See* Plea Agreement at 4. So, had counsel challenged the drug quantity at sentencing, he would only have breached the plea agreement without reducing the sentence that Cardenas received. And, as explained, Cardenas does not provide this Court a basis to conclude there was a reasonable probably that had his counsel investigated the drug quantity, he would have succeeded in showing that the stipulated drug quantity was erroneous. The Court therefore concludes that whether viewed at the time of Cardenas's plea or the timing of his sentencing, Cardenas was not prejudiced by his counsel's decision not to investigate the quantity of heroin attributable to him.

## B. Legal challenge to the application of § 2D1.1(a)(2)

Cardenas next raises two ineffective-assistance claims that his counsel at sentencing should have objected to the applicability of § 2D1.1(a)(2) to enhance his Guidelines range. The

first of these is a legal argument that he says his counsel should have raised.  Cardenas contends

that his counsel should have relied on out-of-circuit case law to argue that § 2D1.1(a)(2) was

inapplicable to Cardenas because causing serious bodily injury was not an element in the

indictment or his plea allocution and so not part of his "offense of conviction."  *See, e.g.*, *United*

*States v. Lawler*, 818 F.3d 281 (7th Cir. 2016).  The Second Circuit has acknowledged a split of

authorities over the interpretation of § 2D1.1(a)(2) but has not decided the merits of this

argument.  *United States v. Sica*, 676 F. App'x 81, 86 (2d Cir. 2017).  The Court need not resolve

the interpretation of § 2D1.1(a)(2) or counsel's failure to raise the argument, however, because in

any event Cardenas has failed to show prejudice.

Though the Court found the applicable Guidelines range to be 210 to 262 months'

imprisonment based in part on the § 2D1.1(a)(2) enhancement, the Court imposed a sentence of

96 months' imprisonment, which fell within the range stipulated in the plea agreement and below

the 108-month threshold for Cardenas's appeal waiver.  Moreover, this Court stated:

> I would have imposed the same sentence of 96 months even if I had come to the
> same guideline calculation as what the parties stipulated to because I believe that
> is taking into account all of the factors of a reasonable sentence, and it is no
> greater than necessary to satisfy the sentencing purposes that I described earlier.

Sentencing Tr. at 36.

That statement clearly identifies the sentence that the Court would have imposed under

the alternative Guidelines range calculation based on "factors independent of the Guidelines,"

and it therefore "'counter[s] any ostensible showing of prejudice.'"  *Molina-Martinez v. United*

*States*, 578 U.S. 189, 200–01 (2016) (quoting *United States v. Vonn*, 535 U.S. 55, 68 (2002)).

The Second Circuit has repeatedly found an absence of prejudice in such circumstances.  *E.g.*,

*United States v. Rodriguez*, 782 F. App'x 51, 53–54 (2d Cir. 2019); *United States v. Lutchman*,

910 F.3d 33, 38–39 (2d Cir. 2018) ("[T]he district court's statements suggest that it would have

considered Lutchman's 240-month sentence appropriate even with a slight reduction in the

Guidelines range."); *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (finding an error in

calculating the Guideline range harmless because "the record indicates clearly that 'the district

court would have imposed the same sentence' in any event").  The Court denies Cardenas's

claim of ineffective assistance of counsel on this basis.

### C.  Factual challenge to the applicability of § 2D1.1(a)(2)

Cardenas's second basis for disclaiming the applicability of § 2D1.1(a)(2) is a factual

one:  He argues that his counsel should not have conceded that heroin supplied by Cardenas

caused Victim-1's overdose and instead should have sought a *Fatico* hearing on the matter.  In

support, he points to medical records referenced at sentencing that showed an absence of

fentanyl in Victim-1's body, which he suggests shows that Victim-1 did not overdose on

Cardenas's supply.  Petition at 17 (citing Cardenas Sentencing Submission at 3).  The Court

concludes that this argument too fails to allege constitutionally deficient assistance of counsel.

*First*, counsel's performance was not unreasonable.  In Cardenas's sentencing

submission, counsel conceded that Cardenas's heroin injured Victim-1 and instead chose to

emphasize Cardenas's acceptance of responsibility and plead for leniency.  The Second Circuit

has recognized, typically in the context of trial strategy, that conceding facts damaging to the

defendant can be part of sound defense strategy to "establish a forthright relationship" with the

factfinder.  *Bierenbaum v. Graham*, 607 F.3d 36, 52 (2d Cir. 2010); *see also Parker v. Graham*,

517 F. Supp. 3d 138, 150 (W.D.N.Y. 2021).  Conceding an inculpatory fact may be especially

appropriate if there is "overwhelming evidence" against the defendant such that defense

counsel's attempt to dispute the fact would have been "unpersuasive."  *United States v. Arnold*,

126 F.3d 82, 89 (2d Cir. 1997), *aff'd*, 526 U.S. 1 (1999).

Defense counsel's factual concession at sentencing was a strategic one that permitted him to credibly argue Cardenas's acceptance of responsibility, his remorse for harming a friend, and his role in saving that friend's life. The submission stated, for example:

> Chris [Cardenas] is beside himself with remorse that the drugs that were either directly or indirectly sold to Victim-1 resulted in his overdose. It cannot be stated strongly enough that Chris never intended for anyone to suffer serious bodily injury, including Victim-1. To the contrary, Chris and Victim-1 were good friends, and Chris saved Victim-1's life after Victim-1 consumed this heroin on December 15, 2016. . . . The emergency responders told Chris that Victim-1 would have died within minutes had Chris not contacted them.

Cardenas Sentencing Submission at 11. That theme was reinforced at sentencing, where counsel explained that Cardenas "admits readily that he was selling heroin" but that he "never—never— anticipated or intended for any bodily injury to occur." Sentencing Tr. at 25.

Moreover, both the PSR and the Government at sentencing referred to several recorded phone calls, the transcripts of which were provided to the Court and Defense counsel, in which Cardenas admitted his knowledge of Victim-1's overdose, his knowledge that Diaz sold Cardenas's heroin to Victim-1, and his knowledge that his heroin caused overdoses. PSR ¶¶ 16– 19. Given such evidence, it was not unreasonable for counsel not to contest causation but instead to accept responsibility and plead for leniency. The reasonableness of counsel's choice is reinforced by the fact that at sentencing, the Court emphasized that Cardenas accepted responsibility, that his intervention "may well have saved [Victim-1's] life," and that Cardenas "did not intend in any way for this person to be harmed." Sentencing Tr. at 33.

Counsel's performance is not rendered deficient by the fact that Cardenas did not receive a *Fatico* hearing. The Court permitted Cardenas and counsel to confer over whether to request a *Fatico* hearing, encouraging them to "take the time [they] need." Sentencing Tr. at 16. After conferring, counsel declined a *Factico* hearing. *Id.* at 16–17. And Cardenas affirmed that he was "comfortable with that decision." *Id.* at 17. That affirmation is given a strong presumption

of truth, and Cardenas does not provide any basis to dispel that presumption.  *See Gonzalez*, 722

F.3d at 131.  Consequently, counsel did not act unreasonably by declining a *Fatico* hearing in

accordance with Cardenas's decision.

      *Second*, Cardenas cannot establish prejudice as to this claim of ineffective assistance.  As

explained, the Court at sentencing expressly stated that it would have imposed the same sentence

regardless of the applicability of the § 2D1.1(a)(2) enhancement.  As with Cardenas's above

claim, that on-the-record explanation dispels Cardenas's claim of prejudice.  *Molina-Martinez*,

578 U.S. at 200–01.  Moreover, the Court justified Cardenas's sentence with reference to facts

that Cardenas does not contest: that Cardenas knew his heroin was dangerous, that he knew

Victim-1 and other neighbors had overdosed, and that Cardenas nevertheless continued to sell his

heroin.  Sentencing Tr. at 32–33.  Even if counsel sought a *Fatico* hearing and further disproved

the Government's evidence of specific causation of Victim-1's overdose, the core justification

that Cardenas knew he sold especially dangerous heroin would remain unchanged.  The Court

therefore concludes that even if Cardenas's counsel was deficient, that deficiency did not

prejudice Cardenas at sentencing.

## IV.    Conclusion

      For the reasons provided, the Court DENIES Cardenas's petition to vacate his sentence

under 28 U.S.C. § 2255.

      No evidentiary hearing is necessary because the files and records of the case conclusively

show that Cardenas is not entitled to relief. 28 U.S.C. § 2255(b); *see Gonzalez*, 722 F.3d at 131

("To warrant a hearing, the motion must set forth specific facts supported by competent

evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would

entitle him to relief.").  Because Cardenas has not made a substantial showing of the denial of a

constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

Additionally, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v.*

*United States*, 369 U.S. 438, 444–45 (1962).

In case number 17-CR-339, this resolves docket number 300.  The Clerk's office is

respectfully directed to close case number 20-CV-4509.

The Clerk's office is further asked to mail a copy of this Memorandum Opinion & Order

to Cardenas at the address listed in case number 20-CV-4509 and to note the mailing on the

public docket.


SO ORDERED.

Dated:  April 25, 2022
      New York, New York
                            ALISON J. NATHAN
                        United States Circuit Judge
                          Sitting by designation